United States District Court
Southern District of Texas
**ENTERED**
October 19, 2018
David J. Bradley, Clerk

# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF TEXAS
# LAREDO DIVISION

| | |
|---|---|
| **SERGIO JAVIER COMACHO-GOMEZ** § | |
| § | |
| VS. § | CIVIL ACTION NO.  5:18-cv-32 |
| § | CRIM. ACTION NO.  5:16-cr-1001 |
| **UNITED STATES OF AMERICA** § | |
| § | |

## REPORT AND RECOMMENDATION

Before the Court is Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. No. 1; Cr. Dkt. No. 57)[1], also known as a petition for writ of habeas corpus. Petitioner Sergio Javier Camacho-Gomez, USM No. 16226-479, is a federal inmate confined by the Bureau of Prisons. (Dkt. No. 1 at 1; Cr. Dkt. No. 57 at 1).  On August 16, 2016, Petitioner was indicted on one count of conspiring to import cocaine in violation of 21 U.S.C. §§ 963, 952(a), 960(a)(1), & 960(b)(3), one count of importing cocaine in violation of 21 U.S.C. §§ 952(a), 960(a)(1) & 960(b)(3), one count of conspiring to possess with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 846, 841(a)(1), & 841(b)(1)(C), and, finally, one count of possessing with intent to distribute a controlled substance in violation of 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C) and 18 U.S.C. § 2.  (Cr. Dkt. No. 17).  On October 3, 2018, Petitioner signed a written plea agreement (Cr. Dkt. No. 23).  Pursuant to that agreement, Petitioner pled guilty to Count 1 of the indictment, and in exchange the remaining three counts were dismissed.  (*Id.*).  Petitioner also agreed to waive both his right to appeal the conviction and his right to collaterally attack the conviction under 28 U.S.C. § 2255.  (*Id.*. at 4).  On June 16, 2017, the Court sentenced Petitioner

---

[1] "Dkt." is a citation to the docket entries in Civil Action No. 5:18-cv-32. "Cr. Dkt." is a citation to the docket entries in Criminal Action No. 5:16-cr-1001.

1

to 71 months imprisonment. (Cr. Dkt. No. 39 at 3).

On March 6, 2018, Petitioner filed his § 2255 Motion (Dkt. No. 1; Cr. Dkt. No. 57). Petitioner raises several grounds for relief based on ineffective assistance of counsel: 1) failure to explain waiver of the right to appeal; 2) failure to negotiate a Rule 11(c)(1)(c) plea agreement that would bind the Court to a specific sentencing range; and 3) failure to secure for Petitioner the benefit of the safety valve provision at sentencing. (Dkt. 1 at 5-7; Cr. Dkt. 57 at 5-7). Petitioner additionally alleges "prosecutorial misconduct" because the government promised him a safety valve shaving years off his sentence if he fully cooperated. (*Id.* at 8).

On August 1, 2018, Petitioner's Motion was referred to the undersigned for findings of fact and recommendations of law. (Dkt. No. 4; Cr. Dkt. No. 58). The Court has examined Petitioner's Motion in accordance with Rule 4 of the Rules Governing Section 2255 Proceedings.[2] Upon examination, it plainly appears from the Motion and the record that Petitioner is not entitled to relief. Accordingly, the undersigned will recommend that Petitioner's Motion (Dkt. No. 1; Cr. Dkt. No. 57) be dismissed with prejudice.

## **Legal Standard**

Relief under § 2255 "ordinarily is limited to questions of constitutional or jurisdictional magnitude, which may not be raised for the first time on collateral review without a showing of cause and prejudice." *United States v. Cervantes*, 132 F.3d 1106, 1109 (5th Cir. 1998). This procedural bar does not apply to claims that could not have been raised on direct appeal, such as an ineffective assistance of counsel claim. *See Massaro v. United States*, 538 U.S. 500

---

[2] Rule 4 states: "The clerk must promptly forward the petition to a judge under the court's assignment procedure, and the judge must promptly examine it. If it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner."

(2003) (holding that ineffective assistance claims are properly raised on collateral review).

Defendants have a Sixth Amendment right to effective assistance of counsel at all "critical stages" of their criminal proceedings. *Montejo v. Louisiana*, 556 U.S. 778, 786 (2009). This includes the plea-bargaining stage, *Lafler v. Cooper*, 566 U.S. 156, 162 (2012), and sentencing. *Tucker v. Day*, 969 F.2d 155, 159 (5th Cir. 1992). To raise a successful ineffective-assistance-of-counsel claim, a petitioner must establish: (1) that his counsel's performance was constitutionally deficient, and (2) that the deficient performance caused actual prejudice. *Strickland v. Washington,* 466 U.S. 668, 687-88 (1984). As to the first prong, an attorney's performance is deficient if it falls below an objective standard of reasonableness. *Id.* at 688. To make this showing, a petitioner must overcome a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Charles v. Stephens,* 736 F.3d 380, 389 (5th Cir. 2013) (per curiam) (quoting *Strickland,* 466 U.S. at 689). As to the second prong, actual prejudice occurs if a petitioner "show[s] that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland,* 466 U.S. at 694.

"While a '*pro se* complaint is to be construed liberally with all well-pleaded allegations taken as true . . . [it] must set forth facts giving rise to a claim on which relief may be granted." *Ward v. Fisher*, 616 F.App'x 680, 683 (5th Cir. 2015) (per curiam) (quoting *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993)). "[M]ere conclusory allegations on a critical issue are insufficient to raise a constitutional issue." *U.S. v. Pineda*, 988 F.2d 22, 23 (5th Cir. 1993) (quoting *U.S. v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1990)).

## Discussion

### I. Ineffective Assistance of Counsel

#### a. Failure to Explain Waiver of Right to Appeal

Petitioner asserts that his counsel never explained to him that by pleading guilty he was waiving his right to appeal. (Dkt. No. 1 at 5; Cr. Dkt. No. 57 at 5). Petitioner further claims that, had he fully understood the rights he was waiving, he never would have pleaded guilty. (*Id.*).

The record, however, tells a different story. Foremost, the transcript from Petitioner's plea hearing shows that the Court ensured Petitioner understood he was waiving his right to appeal:

> THE COURT: Mr. Camacho, to summarize the plea agreement that you have with the Government it states that you're agreeing to plead guilty to Count 1 of the Indictment. You're agreeing to give up your rights to appeal in your case. You're agreeing to give up post-conviction rights you have to contest or collaterally attack your conviction or sentence after they are final.
>
> In other words, what you're agreeing to do is plead guilty to Count 1. When the district judge sentences you, you're going to go off and serve your punishment quietly. You're not going to ask the higher court, the Fifth Circuit, to review your conviction of sentence.
>
> [. . .]
>
> Sir, is that what you understand your agreement to be with the Government?
>
> DEFENDANT CAMACHO: Yes.
>
> [. . .]
>
> THE COURT: In part of what you're agreeing to do in this agreement is give up your rights to appeal in your case and give up post-conviction rights you have to attack your conviction or sentence after they are final, unless you raise these claims under what we call ineffective assistance of counsel.
>
> Sir, are you willing to give up those rights?
>
> DEFENDANT CAMACHO: Yes.

(Cr. Dkt. No. 50 at 9-10). Petitioner also informed the Court at this plea hearing that his counsel had gone over the written plea agreement with him and answered any questions that he had. (*Id.* at 6-8). The written agreement, in turn, indicated that Petitioner waived his rights to appeal. (Cr. Dkt. No. 25 at 4). The transcript from Petitioner's sentencing hearing eight months later again shows Petitioner confirming to the Court that his attorney did review these documents with him, and that he did not have any questions. (Cr. Dkt. No. 53 at 2-3). Moreover, at the hearing the Court reviewed with Petitioner that he had waived his right to appeal. (*Id.* at 12).

The Court is satisfied that Petitioner's counsel adequately explained to Petitioner the implications of waiving his right to appeal. And even if Counsel had not done so, because the Court ensured Petitioner understood he was waiving his right to appeal, Petitioner cannot prove prejudice.

### b. Plea Agreement

In his second ground for relief, Petitioner claims that his attorney rendered ineffective assistance by failing to negotiate a plea agreement with the Government pursuant to Federal Rule of Criminal Procedure 11(c)(1)(c). (Dkt. 1 at 5; Cr. Dkt. 57 at 5). Because Petitioner can show no prejudice resulting from his attorney's action, this ground also fails.

Rule 11(c) governs plea agreements between the Government and criminal defendants. Pursuant to Rule 11(c)(1)(c), the Government may enter into a plea agreement for a "specific sentence or sentencing range." Notably, unlike most plea agreements, a Rule 11(c)(1)(c) agreement is binding upon the court once the court has accepted the plea.

Petitioner argues that his attorney should have negotiated a plea agreement under Rule 11(c)(1)(c) guaranteeing a specific sentencing range, so that he would have been permitted to withdraw his guilty plea if the Court failed to enter into a sentence in the specified range. (Dkt.

No. 1 at 5; Cr. Dkt. No. 57 at 5). However, Petitioner fails to provide any reason to believe that the Government would have exercised its discretion to enter into a Rule 11(c)(1)(c) plea agreement or that the Court would have accepted a Rule 11(c)(1)(c) plea agreement with a lower sentencing range than the 71 months to which Petitioner was sentenced. Due to the uncertainty that the Government or the Court would have been open to a Rule 11(c)(1)(c) plea agreement, it is impossible to say that Petitioner was prejudiced by his attorney's failure to seek an agreement under that rule. *See Wolfe v. Dretke*, 116 Fed.Appx. 487, 495 (5th Cir. 2004) ("The district court . . . applied well-established principles to [the] complaint that [counsel] failed to negotiate a plea bargain agreement. Specifically, the district court concluded that [the defendant] could not prove prejudice because he did not establish that the State would have offered a plea bargain even if [counsel] had pursued one.").

        c. **Incorrect Guideline Range**

Petitioner argues that he was entitled to the safety valve provisions of the United States Sentencing Guidelines, but that at the sentencing hearing the Court mistakenly believed that Petitioner was not entitled to the safety valve provisions, including a two-point reduction in his guidelines score. (Dkt. 1 at 6-7; Cr. Dkt. 57 at 6-7). Petitioner argues that his attorney was ineffective for failing to correct the Court and allowing him to be sentenced under the incorrect guidelines score, resulting in a higher sentence. (*Id.*). However, the record indicates that Petitioner's counsel did point out the error to the Court. The Court initially believed that Petitioner's guideline score was 70 to 97 months and sentenced Petitioner to 72 months imprisonment. (Dkt. No. 53 at 14). Petitioner's counsel raised to the Court that Petitioner was eligible for the safety valve provision, that his guideline score should have be 57 to 71 months, and that the sentence of 72 months was therefore above the guideline's range. (*Id.*) The Court

then lowered its sentence to 71 months, to reflect the proper guideline's range. (*Id.*) Petitioner's counsel further asked the Court if it would consider a lower sentence, considering that it had intended to give a sentence at the low end of the higher guideline range, and because Petitioner's counsel had previously asked for a downward departure. (*Id.* at 14-15). The Court rejected the counsel's argument, noting that 71 months was an appropriate sentence. (*Id.* at 15).

Petitioner's counsel raised precisely the arguments that Petitioner has complained he failed to raise. Accordingly, he was not ineffective, and this ground is without merit.

## II. Prosecutorial Misconduct

Petitioner seems to argue that the Government breached a promise to him that he would receive a safety valve reduction to his sentence. (Dkt. No. 1 at 8; Cr. Dkt. No. 57 at 8). This is incorrect – the Court clearly applied the guidelines range that included the safety valve. (Cr. Dkt. No. 53 at 14). But regardless, the legal argument is untenable. "A district court's technical application of the [Sentencing] Guidelines does not give rise to a constitutional issue cognizable under § 2255." *United States v. Segler*, 37 F.3d 1131, 1134 (5th Cir. 1994). *See also United States v. Vaughn*, 955 F.2d 367 (5th Cir. 1992).

## Recommendation

For these reasons, the undersigned recommends that Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct Sentence (Dkt. No. 1; Cr. Dkt. No. 57) be DISMISSED WITH PREJUDICE.

## I. Notice of Right to Object

The parties may file written objections to this Report and Recommendation. *See* 28 U.S.C. § 636(b)(1). If a party objects within fourteen days after receiving service of this Report, the District Court will review *de novo* the findings or recommendations to which the party objects.

*See* 28 U.S.C. § 636(b)(1)(C); *Thomas v. Arn,* 474 U.S. 140, 150–53 (1985); *Douglass v. United Servs. Auto. Ass'n,* 79 F.3d 1415, 1428–29 (5th Cir. 1996).  The District Court need not consider frivolous, conclusive, or general objections.  *Battle v. U.S. Parole Comm'n*, 834 F.2d 419, 421 (5th Cir. 1987).  If a party does not object within fourteen days, the party forfeits its right to District Court review.  *Thomas*, 474 U.S. at 150.  Furthermore, if the parties do not object and then the District Court accepts this Report's findings and legal conclusions, on appeal such findings and conclusions will be reviewed only for plain error.  *Douglass*, 79 F.3d at 1428.

  Signed on October 19, 2018, at Laredo, Texas.

                _____
                JOHN A. KAZEN
                United States Magistrate Judge